IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| VITOL, INC. and JOHNSON CONTROLS, INC. | § § § § | |
| Defendants. | § § | **JURY TRIAL DEMANDED** |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION'S ORIGINAL COMPLAINT**

1.  This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Lucinda Gonzalez ("Gonzalez").

NATURE OF CLAIMS

2.  In this lawsuit, Plaintiff Equal Employment Opportunity Commission ("Plaintiff or the "Commission") alleges that, beginning in February 2009, Defendants Vitol, Inc. and Johnson Controls, Inc. (collectively "Defendants") unlawfully retaliated against Gonzalez for engaging in a protected activity under Title VII, namely, filing a charge of discrimination with the Commission. The retaliation resulted in the ultimate employment action of termination of Gonzalez by Johnson Controls.

JURISDICTION AND VENUE

3.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), as amended.  This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

4. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

5. The employment practices alleged to be unlawful were committed in Houston, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

6. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

7. Defendant Vitol, Inc. ("Vitol") is a Delaware corporation.  At all relevant times, this Defendant has continuously been doing business in the State of Texas and the City of Houston, Texas, and has continuously had at least fifteen (15) employees.  Defendant Vitol may be served with summons by serving its registered agent for service of process, CT Corporation, located at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

8. At all relevant times, Defendant Vitol has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. Defendant Johnson Controls, Inc. ("Johnson Controls") is a Wisconsin corporation.  At all relevant times, Defendant Johnson Controls has continuously been doing business in the State of Texas and the City of Houston, Texas, and has continuously had at least fifteen (15) employees.  Defendant Johnson Controls may be served with summons by serving its

registered agent for service of process, CT Corporation, located at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

10. At all relevant times, Defendant Johnson Controls has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONCILIATION

11. More than thirty days prior to the institution of this lawsuit, Gonzalez filed a charge with the Commission alleging violations of Title VII by Defendant Vitol. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Vitol with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Title VII, 42 U.S.C. § 2000e-5(b). The Commission's good faith conciliation efforts failed.

12. More than thirty days prior to the institution of this lawsuit, Gonzalez filed a charge with the Commission alleging violations of Title VII by Defendant Johnson Controls. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Johnson Controls with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Title VII, 42 U.S.C. § 2000e-5(b). The Commission's good faith conciliation efforts failed.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Defendant Vitol is a subsidiary of a multinational energy conglomerate, Vitol Group, which is a publicly-traded, multinational oil and energy trader engaged in a variety of commodity and other financial dealings.

15. Defendant Johnson Controls is a global diversified technology and industrial company with customers in over 150 countries and over 130,000 employees. Its primary business interests include air conditioning and heating, interior automotive instruments, and vehicle batteries.

16. Since at least February 2009, Defendants have engaged in unlawful employment practices in their respective Houston, Texas offices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

17. Charging Party Gonzalez was employed by Vitol for seven and one-half (7 ½) years as Executive Secretary to Miguel A. ("Mike") Loya ("Loya"), Vitol's President and one of its directors.

18. On or about July 18, 2008, Gonzalez was terminated by Vitol, purportedly for some comments she made about Loya to a co-worker concerning Loya's divorce proceedings.

19. Gonzalez, however, believed she had been discriminated against in violation of law, and filed a charge of discrimination for retaliatory discharge with the EEOC in good faith on December 29, 2008 (the "predecessor charge"). The predecessor charge included allegations of improper sexually-oriented communications by Loya to Gonzalez, as well as a claim for discharge in retaliation for Gonzalez disclosing to a co-worker allegations of sexual misconduct made by against Loya by his spouse in Loya's divorce proceeding. This predecessor charge was dismissed by the Commission during the intake process.

20. The December 2008 predecessor charge does not form the basis for this lawsuit except as a predicate to and basis for the relevant March 2009 charges against the two Defendants.

21. Following her termination by Vitol, Gonzalez was hired by Johnson Controls on or about November 17, 2008, as a Sales Assistant, at a considerable decrease in pay from her salary

at Vitol.

22. Gonzalez was employed at Johnson Controls at the time she filed the predecessor charge described in paragraph 19 above.

23. The predecessor charge was received by Vitol, and specifically, by Loya, along with the accompanying dismissal of the charge, on or about February 3, 2009.

24. Without prior notice to or permission from Gonzalez, and shortly after receiving the predecessor charge and the Commission's dismissal, Loya forwarded a copy of the predecessor charge and dismissal to management at Johnson Controls.

25. Loya had no legitimate business reason for forwarding the predecessor charge and dismissal to Johnson Controls.

26. Loya's reason for forwarding the predecessor charge and dismissal was to cause harm to Gonzalez.

27. Loya's reason for forwarding the predecessor charge and dismissal was to retaliate against Gonzalez for filing the predecessor charge.

28. Loya was aware at the time that his actions in forwarding the predecessor charge and dismissal to Johnson Controls would result in financial detriment to Gonzalez.

29. Loya was aware at the time that his actions in forwarding the predecessor charge and dismissal to Johnson Controls would result in emotional distress and/or harm to Gonzalez.

30. Johnson Controls received the predecessor charge and dismissal from Vitol on or about February 13, 2009.

31. Gonzalez's supervisor at Johnson Controls, Branch Manager Brandon Jackson ("Jackson"), received and read the predecessor charge and dismissal on or about February 13, 2009.

32. On the same date that Jackson reviewed the predecessor charge and dismissal

forwarded by Vitol, February 13, 2009, he approved Gonzalez's termination.

33. Although Gonzalez's termination was recommended by the Human Resources Director as part of an alleged reduction-in-force, Jackson was the final decision-maker with regard to the termination.

34. On or about February 27, 2009, Gonzalez's employment with Johnson Controls was, in fact, terminated.

35. Gonzalez was the only employee from her department who was terminated as a result of the alleged reduction-in-force. Jackson did not approve the termination of at least one other employee recommended for lay-off by the Human Resources Director at the same time as Gonzalez.

36. Gonzalez's supervisor at Johnson Controls was aware at the time that the termination decision would result in financial detriment to Gonzalez.

37. Gonzalez's supervisor at Johnson Controls was aware at the time that the termination decision would result in emotional distress and/or harm to Gonzalez.

38. Although employees laid off from other departments at the same time as Gonzalez were subsequently rehired within a matter of months, Gonzalez was not. Gonzalez was not recalled at any time following her lay-off.

39. Gonzalez received written notice from Johnson Controls at the time of her termination that she was not subject to rehire.

40. Within less than one year following her termination, Gonzalez's position at Johnson Controls was reinstated and an individual from outside the company was hired to fill the position.

41. The effect of these unlawful employment practices complained of above has been to deprive Gonzalez of equal employment opportunities, and to otherwise adversely affect her

status as an employee because she engaged in a protected activity under Title VII, *i.e.,* filing a charge of discrimination with the Commission.

42. The unlawful employment practices complained of above were and are intentional.

43. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Lucinda Gonzalez.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining both Defendants, and their respective officers, successors, assigns and all persons in active concert or participation with either of them, from engaging in any employment practice which discriminates or retaliates on the basis of opposition to discrimination or for engaging in activity protected by Title VII, including filing a charge of discrimination with the Commission.

B. Order both Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, including those who oppose discrimination or engage in activities protected by Title VII, and which eradicate the effects of their past and present unlawful employment practices, including retaliation.

C. Order Defendant Vitol to make whole Lucinda Gonzalez by providing appropriate back wages, with pre-judgment interest, in an amount to be determined at trial.

D. Order Defendant Vitol to make whole Lucinda Gonzalez by providing the affirmative relief necessary to eradicate the effects of Defendant Vitol's unlawful employment practices complained of above, including, but not limited to, an award of front pay if reinstatement into employment of Lucinda Gonzalez by either Defendant is impractical.

E. Order Defendant Vitol to make whole Lucinda Gonzalez by providing compensation for past and future pecuniary losses resulting from the unlawful practices

complained of above, including out-of-pocket expenses, including those related to job searches and insurance, in amounts to be proved at trial.

F.      Order Defendant Vitol to make whole Lucinda Gonzalez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

G.      Order Defendant Vitol to make whole Lucinda Gonzalez by providing appropriate post-judgment interest, in amounts to be determined at trial.

H.      Order Defendant Vitol to pay to Lucinda Gonzalez punitive damages for its malicious and/or reckless conduct described above, in an amount to be determined at trial.

I.      Grant such other and further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


  /s/ Connie K. Wilhite
CONNIE K. WILHITE

-8-

                                                  Attorney-in-Charge

                                                  Texas Bar No. 00792916
                                                  Southern Dist. of Texas No. 23624
                                                  Equal Employment Opportunity Commission
                                                  1919 Smith Street, 6th Floor
                                                  Houston, Texas 77002
                                                  (713) 209-3390
                                                  (713) 209-3402 [facsimile]
                                                  connie.wilhite@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002