# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § § |
| VS. | § C.A. NO. 4:11-cv-03506 |
| VITOL, INC. and JOHNSON CONTROLS, INC. | § § § § |
| Defendants. | § § § |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff") and Johnson Controls, Inc. ("JCI" or "Defendant") (Plaintiff and Defendant are collectively referred to herein as "the Parties") in the United States District Court for the Southern District of Texas, Houston Division, with regard to the EEOC's Complaint, filed in the above-entitled action, Civil Action No. 4:11-cv-03506. The Complaint was based upon a Charge of Discrimination ("Charge") filed by Lucinda Gonzalez ("Ms. Gonzalez" or "the Charging Party") against JCI based on her

1

employment at JCI's Building Efficiency branch and operations located at 10644 West Little York Road, Suite 200, Houston TX 77041 (the "Branch"). For purposes of this Consent Decree, the term Branch as used herein, shall include any subsequent change of address for the Branch which may occur during the term of this Decree.

    A.    The above-referenced Complaint filed by the EEOC alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by retaliating against Ms. Gonzalez for engaging in a protected activity under Title VII. JCI denies the claims and allegations that it violated the law, as alleged in the Charge and Complaint. JCI maintains that throughout the investigative process up through the present litigation, JCI has cooperated with the EEOC in a continued effort to demonstrate that it violated no laws in relation to its employment and termination of Ms. Gonzalez, including producing emails and other documents, providing a detailed factual summary outlining the timing and the basis for Ms. Gonzalez's termination, and voluntarily producing employees for interview by EEOC investigators.

    B.    The Parties agree to compromise and settle the differences embodied in the Charge and the Complaint filed by the EEOC, and intend that all terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Decree"). Nothing in this Decree is intended to be for any purpose an admission of

2

liability or wrongdoing by JCI.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows and the Court ORDERS that:

1.  This Decree resolves all issues raised against JCI in the EEOC Charge referenced above. This Decree further resolves all issues raised against JCI in the Complaint filed by the EEOC in this civil action. The EEOC waives any further claims and/or litigation on all issues raised in the above-referenced Charge and Complaint. This Decree in no way affects the EEOC's right to process or litigate charges other than the above-referenced Charge, and the EEOC makes no waiver of such right.

2.  The Parties agree that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper in this Court, and that all administrative prerequisites have been met.

3.  Defendant acknowledges that Title VII prohibits employers from knowingly engaging in, promoting or allowing any acts of retaliation against anyone covered by Title VII for reporting what he or she reasonably believes to be a violation of Title VII, by making an internal complaint, by filing a charge of discrimination, or by assisting in any manner in any proceeding under Title VII. Further, Defendant

agrees to comply or continue complying with the requirements of Title VII as applicable to Defendant.

4. JCI shall complete, in a type-face and font-size acceptable to the EEOC, and post the Notice appended hereto as Exhibit "A" on the employee bulletin board or in another location readily and normally accessible to employees. Such posting shall be accomplished within ten (10) days after entry of this Decree. Within fourteen (14) days after such posting, JCI shall notify the EEOC that the Notice has been posted in the workplace. The Notice shall remain posted at the Branch at all times during the term of this Consent Decree.

5. Within thirty (30) days of the entry of this Decree, JCI shall distribute a copy of the memorandum appended hereto as Exhibit "B" to all its managers and supervisors at the Branch.

6. JCI shall continue to maintain and enforce the policies reviewed by the EEOC or policies that are similar in substance, which prohibit discrimination and retaliation in the workplace; and provide complaint procedures for JCI's employees to notify JCI of any alleged complaints of discrimination or retaliation, including the designation of a person or department to receive, review and act on such complaints.

7. JCI shall maintain and utilize effective guidelines for investigating internal complaints of discrimination and retaliation, and designate appropriate

4

personnel to conduct such investigations.

8. JCI shall provide or continue to provide training regarding employment discrimination and retaliation to its management and non-management employees at the Branch upon their hire and on an annual basis thereafter, during the term of this Decree. The content of the training developed by or for JCI is proprietary and confidential, however the EEOC has reviewed JCI's current training materials, instructors and training schedule, and determined that such training sufficiently educates JCI's employees about the laws that prohibit discrimination and retaliation in the workplace. At least one (1) month prior to the expiration of this Decree, JCI shall provide a written acknowledgment of receipt of the training by each and every individual who attended the training during the term of the Decree, including each such attendee's name and job title, as well as the signature of each such attendee. JCI may utilize a group sign-in sheet or the company's Acknowledgement of No Harassment/Zero Tolerance Training signed by each attendee for this purpose so long as all the information required by this paragraph is included.

9. As of the date of this Decree, JCI represents that except for standard company personnel documents pertaining to Ms. Gonzalez's employment containing information such as her date of hire, date of termination and the fact that she was laid off as part of a reduction-in-force, it has removed from all Ms. Gonzalez's personnel

5

files all documents, entries and references to the Charge of Discrimination, as well as any copies of the Charge itself, investigation of the allegations, and the Complaint filed by the EEOC in the instant matter. Defendant JCI shall segregate any such documents and maintain them in a separate, confidential litigation file. JCI shall report to the EEOC within thirty (30) days of the entry of this Decree that it has complied with this paragraph.

10. If contacted for a job reference by a prospective employer or recruiter with regard to Ms. Gonzalez, JCI shall follow its standard protocol and provide the following information only: dates of employment and position held. JCI is prohibited from providing and will not provide responses to prospective employers or recruiters that, explicitly or implicitly, reflect negative information or inferences about Ms. Gonzalez. Unless compelled to do so by a lawful subpoena or court order, JCI will not disclose to prospective employers or recruiters any information about the facts and circumstances underlying the Charge and this lawsuit, the existence of the Charge itself or the EEOC's pursuit of this lawsuit.

11. At the end of the eighteen (18) month term of this Decree, JCI shall provide a written report to the EEOC recounting any instances wherein the terms and conditions of this Decree have not been met or to certify that full compliance with the requirements of the Decree has been met.

4812-9256-1167.1

12. All reports and notices to the EEOC required by this Decree shall be sent to Connie K. Wilhite, Senior Trial Attorney, at the EEOC, 1201 Louisiana St., Suite 600, Houston, Texas 77002 or her designee or successor. All reports and notices to JCI required by this Decree shall be sent to Senior Group Counsel, BE Systems North America, Johnson Controls, Inc., 507 E. Michigan Street, Milwaukee, WI 53202.

13. This Decree shall be binding on Defendant JCI and all successors-in-interest, and JCI shall notify all such successors-in-interest or potential successors-in-interest of the existence and terms of this Decree by providing a copy of the Decree.

14. Neither the EEOC nor JCI shall contest the validity of this Decree nor the retained and continuing jurisdiction of the federal district court to enforce this Decree and to permit entry of such further orders or modifications as may be appropriate.

15. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event Defendant fails to perform the promises, agreements, representations and orders contained herein. Upon belief that a material breach of this Decree has occurred, the EEOC will not seek compliance with the Decree through civil action in the United States District Court, without first giving Defendant twenty (20) days notice and a reasonable opportunity to cure.

16. Nothing in this Decree shall be construed to prevent or preclude the EEOC from utilizing evidence promulgated by JCI which is relevant to the remaining

7

claims against any remaining parties in this lawsuit. JCI shall reasonably cooperate with the EEOC to the extent it has relevant information or witnesses useful to the EEOC's claims against any remaining parties in this lawsuit. The EEOC may interview any relevant supervisor, officer, manager or employee of JCI upon ten (10) days advance notice to JCI. The EEOC may also issue a subpoena for any such individual to testify, either at trial or by deposition, in this case, with at least ten (10) days advance written notice to JCI of any such deposition, when the EEOC deems, in its sole discretion, that such action is necessary to litigate this case against any remaining Party(ies). JCI legal counsel may be present during any EEOC interviews, depositions, hearings or other communications with JCI employees.

17. The Parties to this Decree agree to bear their own costs and attorney's fees associated with this lawsuit and any dispute related to the Decree.

18. The term of this Decree shall be for eighteen (18) months from the date of its entry by the United States District Court.

SO ORDERED, ADJUDGED AND DECREED this __31__ day of __Aug__, 2012.

_____
THE HONORABLE DAVID HITTNER
UNITED STATES DISTRICT COURT JUDGE

AGREED AS TO FORM AND SUBSTANCE:

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

Jim Sacher, Texas State Bar No. 17503300
Regional Attorney

Rose Adewale-Mendes, Ohio State Bar No. 0024652
Supervisory Trial Attorney

/s/ Connie K. Wilhite
CONNIE K. WILHITE, Senior Trial Attorney
connie.wilhite@eeoc.gov
Texas Bar No. 00792916
S.D. Texas Bar No. 423997
Equal Employment Opportunity Commission
Houston District Office
1201 Louisiana St., Suite 600
Houston, Texas 77002
Telephone: (713) 651-4976
Facsimile: (713) 651-7995

FOR DEFENDANT JOHNSON CONTROLS, INC.:

/s/ Kevin E. Hyde  by permission, CKW
KEVIN E. HYDE, Esq.
khyde@foley.com
Florida Bar No. 0768235
LEONARD V. FEIGEL, Esq.
lfeigel@foley.com
Florida Bar No. 0027752
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, Florida 32202-5017
Telephone: (904) 359-2000
Facsimile: (904) 359-8700

4812-9256-1167.1

# NOTICE PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AND THE CIVIL RIGHTS ACT OF 1991

1. Federal law requires that there be no discrimination or harassment against any employee or applicant for employment with respect to hiring, compensation, promotions, or other terms, conditions or privileges of employment because of the applicant or employee's race, gender, color, religion, national origin, age or disability. Federal law also prohibits retaliation against any employee or applicant who exercises his or her right to resist, complain about and/or otherwise oppose unlawful discrimination or harassment.

2. Johnson Controls, Inc. supports, complies with, and will comply with such Federal law in all respects, does not engage in and will not engage in any such discrimination or harassment, and does not and will not retaliate against employees who have exercised their rights under the law by filing charges with the U.S. Equal Employment Opportunity Commission (EEOC), providing information to the EEOC, and/or receiving a settlement of such charges.

3. Any applicant or employee who wishes to complain of illegal discrimination is advised to report such complaint to his or her immediate supervisor, any other company supervisor, or to Human Resources. Also, or in the alternative, employees who believe they have been subjected to illegal employment discrimination are encouraged to contact the EEOC at 1201 Louisiana Street, Suite 600, Houston, TX 77002, (800) 669-4000 or (713) 651-4900, www.eeoc.gov.

SIGNED this _____ day of _____, 2012.

_____
[Name and Title]

Exhibit "A"

## MEMORANDUM

TO: Managers and Supervisors, Houston, TX Systems Branch Office
FROM: Peter J. Saffert, Human Resources Director
DATE: September ___, 2012

SUBJECT: Continuing Obligations Regarding Anti-Discrimination and Anti-Retaliation

Johnson Controls, Inc. (JCI) promotes Integrity Every Day.

JCI policies and Federal law require that there be no discrimination against any employee or applicant for employment with respect to hiring, compensation, promotions, or other terms, conditions or privileges of employment because of the applicant or employee's race, gender, color, religion, national origin, age or disability. JCI policies and Federal law also prohibit retaliation against any employee or applicant who exercises his or her right to resist, complain about and/or otherwise oppose unlawful discrimination.

As a supervisor or manager at JCI, you have an obligation to comply with these anti-discrimination and anti-retaliation requirements. Therefore, you shall not engage in any such discrimination, nor retaliate against employees who have exercised their rights under JCI policy or the law by submitting a complaint through JCI or the U.S. Equal Employment Opportunity Commission (EEOC).

Any applicant or employee may raise complaints of illegal discrimination or retaliation to a supervisor, Human Resources, the JCI portal (www.jci.ethicspoint.com), the JCI Integrity Hotline (1-866-444-1313), or directly to the EEOC at 1201 Louisiana Street, Suite 600, Houston, TX 77002, (800) 669-4000 or (713) 651-4900, www.eeoc.gov. If an applicant or employee makes you aware of illegal discrimination or retaliation, or if you have any questions about these requirements, please contact your Human Resources representative.

Exhibit "B"